UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| | : | |
| SPUR TRACK PROPERTIES, LLC; | : | |
| NARRAGANSETT PROMOTIONS, INC.; | : | |
| and STEVEN MEDEIROS, | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | C.A. No.: 1:24-cv-00010 |
| | : | |
| THE CITY OF PROVIDENCE; and | : | |
| SARA SILVERIA in her capacity as | : | |
| Finance Director of the City of Providence, | : | |
| *Defendants.* | : | |
| | : | |

COMPLAINT

Plaintiffs herein are the purveyors of the establishment known as The Mega-Plex which caters its business to members of the LGBTQ community. Mega-Plex and its patrons have been unlawfully discriminated against on the basis of sexual orientation by the Providence Police Department ("PPD") in the form of inordinate stops and searches of patrons, by the PPD continuously trespassing onto private property, and other similar actions. Plaintiffs hereby allege as follows:

## *The Parties*

1.      Plaintiff, Spur Track Properties, LLC ("Spur Track"), is a Rhode Island limited liability company, with a principal place of business in Providence, Rhode Island.

2.      Plaintiff, Narragansett Promotions, Inc. ("Narragansett"), is a Rhode Island corporation, with a principal place of business in Providence, Rhode Island.

3.      Plaintiff, Steven Medeiros ("Medeiros"), is an individual having an address in Hope, Rhode Island.  At all times material hereto, Medeiros was the President and operator of Narragansett/Mega-Plex.

4.      Defendant, City of Providence ("City"), is a municipality in the State of Rhode Island.

5.      Defendant, Sara Silveria ("Silveria"), is the Finance Director of the City.

### *Jurisdiction and Venue*

6.      This action arises under and pursuant to the First and Fourteenth Amendments to the Constitution of the United States of America; 42 U.S.C. § 1983; and the Constitution and laws of the State of Rhode Island.

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

8.      This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) to redress deprivations "under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States."

9.      Venue is proper in this district under 28 U.S.C. § 1391(b).

### *General Factual Allegations*

10.     Spur Track owns the real property located at 257 Allens Avenue (the "Property").

11.     Spur Track leases the Property to Narragansett where Narragansett operates the establishment known as The Mega-Plex.

12.     The Mega-Plex is a gay sauna, and offers additional sexual health and wellness clinics and counselling on site.

13.     The Mega-Plex's regular clientele are members of the LGBTQ community.

14.    Commencing on or around February 2023, the PPD has engaged in a pattern and practice of harassment towards employees and customers of The Mega-Plex.

15.    On July 11, 2023, PPD entered Plaintiffs' private property into the parking area of the Property.  PPD was searching and looking into windows of the cars situated in Plaintiffs' parking lot.

16.    On this same date a customer of Mega-Plex exited the facility and drove towards the Burger King on Eddy Street.  The customer was followed by PPD from the Mega-Plex parking lot, was pulled over, and the PPD attempted to search the customer's vehicle because as the PPD put it "he was coming from a high drug area."

17.    On this same date another customer was followed from Mega-Plex to the Providence train station by the PPD.  Said customer was stopped, the PPD requested to search the customer, and the customer declined.

18.    Yet again on this same date another customer was followed from Mega-Plex to Wendy's by the PPD, and the PPD pulled over and searched the customer's vehicle.  The customer was told by the PPD that they were searching his car "because of where he came from."

19.    On August 28, 2023, a customer was exiting the Mega-Plex parking lot when he was pulled over by PPD, removed from his vehicle, and his vehicle searched.

20.    On September 4, 2023, PPD approached a customer in the Mega-Plex parking lot, which is on private property, searched the customer's vehicle for no reason, and then asked the customer if he could assist the PPD and provide them with the identities of any known drug dealers.

3

21.     On September 15, 2023, PPD on numerous occasions entered the Mega-Plex parking lot, on private property, to look into car windows.

22.     On September 26, 2023, PPD entered the Mega-Plex parking lot again, and when the PPD was told by an employee that they had to leave because they were on private property, PPD argued with the employee claiming they were on a public roadway.

23.     On four occasions on September 29, 2023, PPD entered the Mega-Plex parking area to look through car windows, and removed several customers from their vehicles asking if their vehicles could be searched.

24.     On October 3, 2023, a PPD vehicle was parked on Poe Street behind the Mega-Plex parking lot.  An employee began recording video of the PPD vehicle, and the PPD vehicle exited the area.

25.     On October 10, 2023, PPD vehicles entered the Mega-Plex parking lot, and carried out additional checks into vehicle windows.

26.     On October 21, 2023, PPD circled up and down Poe Street repeatedly with search floodlights on, looking in vehicles in the Mega-Plex parking lot.

27.     On October 27, 2023, a customer leaving Mega-Plex entered his car parked on Poe Street, and PPD immediately approached the customer's vehicle, removed the customer from the vehicle, and frisked the customer for no reason.

28.     On November 5, 2023, PPD circled up and down Poe Street repeatedly with search floodlights on, looking in vehicles in the Mega-Plex parking lot.

29.     On November 10, 2023, PPD entered the Mega-Plex parking lot and checked vehicles parked therein.

4

30. On November 11, 2023, PPD entered the Mega-Plex parking lot and checked vehicles parked therein.

31. On November 12, 2023, PPD entered the Mega-Plex parking lot with siren lights on and checked vehicles parked therein.

32. On November 13, 2023, PPD entered the Mega-Plex parking lot and checked vehicles parked therein.

33. On October 3, 2023, correspondence was issued on behalf of Plaintiffs to Mayor Brett Smiley requesting that the PPD cease and desist it's targeted enforcement activities at the Mega-Plex property.

34. In response to said correspondence, PPD's activity in the immediate area has increased with greater frequency and aggression on the part of the PPD.

35. Upon information and belief, the PPD is engaged in a policy and practice of the City related to targeted enforcement at the Mega-Plex property and surrounding vicinity, and this area is specifically called out in police officer training of the PPD. It is known within the PPD that individuals/businesses located in the Mega-Plex area consist of various protected classes (such as race and sexual orientation), and officers are trained that this area is perhaps the easiest in the City to make arrests.

## COUNT I
### Fourteenth Amendment – Denial of Equal Protection in violation of 42 U.S.C. § 1983

36. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35 as if set forth in full herein.

37. 42 U.S.C. § 1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person

within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

38.     The Fourteenth Amendment forbids Defendants from depriving Plaintiffs of the equal protection of the law and provides Plaintiffs with a clear established Constitutional right to be free from discrimination on the basis of sexual orientation in law enforcement by Police Officers.

39.     Plaintiffs' business catering to members of the LGBTQ community was a motivating factor in the decision of Defendants to trespass on Plaintiffs' private property and to detain, interrogate, harass, arrest, and/or search Plaintiffs' and Plaintiffs' customers in violation of their Constitutional rights.  Defendants' actions had a discriminatory effect on Plaintiffs.

40.     Reasonable police officers would have known that they were violating clearly established law.

41.     Defendants are jointly responsible for the violation of equal protection. Defendants are also liable for their failure to intervene to prevent the Constitutional violations of which they were aware and did nothing to prevent.

42.     Defendants, through their procedures, policies, practices, and customs caused the violation of Plaintiffs' rights.

<u>**COUNT II**</u>
**Deprivation of Plaintiffs' Civil Rights in violation of 42 U.S.C. § 1983**

43.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 42 as if set forth in full herein.

44.     By undertaking meritless enforcement activity against Plaintiffs, Defendants have unlawfully and substantially deprived Plaintiffs of rights secured by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

45.     Defendants are "persons" under 42 U.S.C. § 1983 who have acted under color of state law to deprive Plaintiffs of rights secured by the United States Constitution and federal law.

46.     Plaintiffs have suffered significant harm as a result of Defendants' actions, said actions having been carried out with the explicit intent to force Plaintiffs out of business without the legal authority to do so.

47.     Accordingly, Plaintiffs respectfully request that the Court declare that Defendants' actions have deprived Plaintiffs of their civil rights secured by the First and Fourteenth Amendments and 42 U.S.C. § 1983, and award damages to Plaintiffs in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, in an amount to be proven at trial, plus interest, punitive damages, costs, reasonable attorneys' fees, and all other relief this Honorable Court deems just and proper.

Respectfully submitted,

Dated: January 5, 2024                    */s/ Joseph P. Carnevale*
                                          Joseph P. Carnevale, Esq. (#9121)
                                          Savage Law Partners, LLP
                                          564 South Water Street
                                          Providence, Rhode Island 02903
                                          Tel: (401) 238-8500
                                          Fax: (401) 648-6748
                                          jcarnevale@savagelawpartners.com
                                          *Attorney for Plaintiffs*

7